ANTON H. ROSTAD v. UNION BANK OF ST. PAUL.[1]

January 24, 1902.

Nos. 12,867—(190).

**Bank Check—Estoppel of Bank.**

> In an action brought by the payee of a check against the bank on which it was drawn, and in which the maker had sufficient funds when payment was demanded, but which funds had been garnished in an action against the maker, it is *held* that on the admitted facts defendant bank is estopped to deny its liability for the amount of the check.

Action in the district court for Ramsey county to recover $467.87, and interest, balance due upon a check drawn by one O. J. Cook to plaintiff's order upon defendant bank. When first presented payment of the check was refused by defendant because it had been garnished with respect to Cook's account. Thereafter, and before the second presentation of plaintiff's check, defendant paid to Cook upon his own check the balance on deposit in excess of the amount claimed by the garnishing creditor. The case was tried before Bunn, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed.

*John F. Fitzpatrick*, for appellant.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

[1] Reported in 88 N. W. 848.

COLLINS, J.

Stated in chronological order, the controlling facts in this case are as follows: February 8, 1900, one Cook had in his possession $750, which he had received from another party for immediate payment to plaintiff, Rostad. On the same day, without Rostad's knowledge, Cook deposited $792.87 in his own name in defendant bank at St. Paul, and the $750 before mentioned was a part of this deposit. He also mailed to Rostad, then in North Dakota, his check upon the bank for $750, and this check the latter indorsed to a bank at Hillsboro, North Dakota, for collection. Immediately afterwards the defendant bank was garnished in an action brought by one Fitzpatrick against Cook in the municipal court of St. Paul. On February 15, in due course of business, and after the garnishment, the check was presented for payment to defendant bank, and payment was refused on the sole ground that the money had been garnished as the property of Cook. The check was protested for nonpayment, and promptly returned to the Hillsboro bank. Four days later—February 19—Cook presented his own check to defendant bank for $472.87, which was paid. This left on deposit to Cook's credit the sum of $320,—sufficient to satisfy Fitzpatrick's claim, and any judgment he might obtain in the garnishment proceedings. On February 20 the cashier of the Hillsboro bank wrote to the cashier of defendant bank asking as to Cook's integrity, and if the cashier would advise Rostad to employ an attorney to look after the protested check. The next day the defendant's cashier replied to this letter, saying that Cook had advised the writer that this deposit account consisted wholly of trust funds. The cashier further expressed the opinion that, if this could be proved, the check would be paid. He also stated that nothing would be gained by employing an attorney, but, if the check was returned, an endeavor would be made to collect it as soon as possible. February 23 the Hillsboro bank returned the protested check to defendant for collection. On the 28th the latter made disclosure as garnishee before a referee, admitting and disclosing an indebtedness to Cook at the date of the garnishment in the sum of $792.87. It then offered to show the payment to Cook, but no record of this was made by the referee, and the court was not advised of the

offer. On March 6 the plaintiff filed a complaint in intervention in the garnishee proceedings, setting up his claim of ownership to $750 of the amount in dispute, and a copy of this complaint was duly served upon the defendant bank, but it made no answer thereto in the pending proceedings. April 21 the Hillsboro bank inquired of defendant as to the prospect of collecting the protested check. On the 28th the defendant cashier replied to this letter, advising that Cook had called upon him, had stated that the case was still in court, but that he expected it would be decided within thirty days. This letter, referring to the check, closed with the sentence, "We keep it alive." On September 25 the court in which was pending the garnishee proceedings filed findings of fact and conclusions of law ordering judgment, in effect, that the $750 belonged to Rostad; that the garnishee bank pay the same to him; that as to said sum the proceedings be dismissed; and, according to the findings, judgment was thereupon entered in accordance with the order. Plaintiff was not notified, nor did he know, that any part of the $750 had been paid to Cook, until October 27, a month after the entry of the judgment above mentioned.

The court found, among other facts, that the defendant bank acted in good faith in the transaction, and without fraudulent intent or improper motive; that when the present action was commenced, October 27, 1900, Cook was, and has ever since been, wholly insolvent; and, further, that there was no evidence upon which to base a finding as to Cook's solvency or insolvency prior to the date last mentioned. In the findings of fact appears the following paragraph:

"Said decision has been amended so that the same is without prejudice to the rights of the parties to this action as between themselves."

This refers, perhaps, to the judgment ordered and entered in the municipal court. If so, we are not advised by the record in what respect the judgment has been changed or amended, nor are we able to understand what was intended, or what force should be given to the language quoted. It also appears from the findings that after judgment was entered the defendant bank remitted to

the Hillsboro bank the sum of $282.15. It has never paid anything further to plaintiff, but it does appear that it paid to Fitzpatrick, on account of the garnishment proceedings, the sum of $42.87, presumably upon a judgment in his favor. Upon these findings of fact the court below ordered judgment in this action for defendant, and this appeal is from a judgment entered accordingly.

It is claimed on behalf of the plaintiff that, when the check was presented and payment demanded, the sum of $750 was equitably assigned to him, and that, therefore, the defendant could not pay any part of that sum to any other person except at its own risk. Of course, it is conceded that, if plaintiff had been unsuccessful in his intervention, he could have no lawful claim upon defendant. It is also contended that the service of the summons upon the garnishee attached, tied up, and bound the entire amount of Cook's deposit to respond to plaintiff's demand and the final judgment. G. S. 1894, § 5309. It is also contended that the judgment before mentioned in plaintiff's favor and against defendant bank constitutes an estoppel by judgment of record against the latter; and, further, that the facts in this case clearly created an estoppel in pais against defendant, and that it cannot now be heard to say that it is not indebted to the plaintiff to the full amount of the check, although it actually paid over more than half of the deposit to Cook himself before knowing that it was trust funds.

The facts are such that we are simply required to consider the question of estoppel in pais. Such an estoppel arises when one, by his acts or representations, or by his silence when he ought to speak out, intentionally, or through culpable negligence, induces another to believe certain facts to exist, and such other rightfully acts on the belief so induced in such a manner that, if the former be permitted to deny the existence of such facts, it will prejudice the latter.

We are of the opinion that it has been conclusively established in this case. It appears that the defendant bank—probably through negligence—induced the plaintiff, by its acts, as well as by its silence, to believe that it had in its possession and on deposit $750 of the money claimed by him, when it ought to have advised him to the contrary, in accordance with the facts particularly within

its knowledge. It permitted him to act in that belief for months, without an intimation that Cook's check had been paid. It stimulated him to file a complaint in intervention, and to litigate his claim of ownership to the $750, relying upon its letters, which undoubtedly misled both plaintiff and the Hillsboro bank. Although served with the complaint in intervention, in which plaintiff's claim was fully set out, it failed to answer, or in any other manner to advise plaintiff that, after his check had been presented for payment, and payment refused simply on account of the garnishment, it had parted with more than half of the deposit on Cook's check. It encouraged the plaintiff to proceed in the garnishee action, and it sanctioned his reliance upon the existence of these facts until some time after the judgment for $750 was entered in the municipal court in his favor. After being fully informed that $750 of this deposit was plaintiff's,—as early as February 20, and by Cook himself,—it did these things, not only by remaining silent when it should have spoken, but by means of the letters we have mentioned.

The defendant did not offer a particle of explanation as to its conduct during all of the time plaintiff was striving to enforce his claim of ownership to $750 of Cook's deposit. That plaintiff was injured and prejudiced by defendant's conduct is obvious. Nor does this altogether depend upon the finding as to Cook's insolvency when the present action was instituted, and the court's inability to find upon this question of solvency or insolvency at an earlier time. We do not have to hold that it is to be presumed that he was solvent up to October 27 in order to say that plaintiff was prejudiced by defendant's positive acts and by its silence, all of which was to his injury. All of the essential elements of an estoppel in pais were presented in this case. It follows that the defendant cannot be allowed ' deny the truth of its representations, active and passive, covering a period of more than six months, during which time plaintiff was incurring the expense of the litigation, relying upon the assumption that the entire amount of his money was in defendant's possession, and would be paid to him when his claim was established in the garnishment proceedings. On the findings of fact the court below erred in its con-

clusions of law, and should have ordered judgment for the plaintiff for at least one sufficient reason.

On the record as presented it may not be understood at first glance why the judgment in the municipal court did not terminate this litigation, why it was not enforced, and why we have considered this appeal. The suggestion by counsel is that the municipal court, having, under the statute, jurisdiction to the amount of $500 only, was wholly without authority to enter judgment against the defendant bank and in favor of this plaintiff, as intervenor, in the sum of $750, and that a judgment in that amount was void on its face. We are not compelled to and do not express an opinion on that question.

The judgment is reversed, and upon remittitur the court below will amend its conclusions of law in accordance with these views, and cause judgment to be entered in plaintiff's favor for the amount demanded in the complaint.